IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID L NELSON and<br>SAVANNAH NELSON, | § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| V. | § <br> § | No. 3:24-cv-2086-X-BN |
| FIRST BANK d/b/a First Bank<br>Mortgage, DEUSTCHE BANK<br>TRUST COMPANY AMERICAS, as<br>Trustee for Saxon Asset Securities<br>Trust 2001-2, Mortgage Loan Asset<br>Backed Certificates, Series 2001-2<br>f/k/a Bankers Trust Company, AVT<br>TITLE SERVICES, LLC, and PHH<br>MORTGAGE CORPORATION, | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |
| Defendants. | § <br> § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. *See* Dkt. No. 2.

Defendants Deustche Bank Trust Company Americas, as Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset Backed Certificates, Series 2001-2, formerly known as Bankers Trust Company ("Deustche Bank") and PHH Mortgage Corporation ("PHH") removed this civil action filed by Plaintiffs David Nelson and Savannah Nelson (the "Nelsons"), from Texas state court on August 15, 2024 and assert that co-defendant AVT Title Services, LLC ("AVT") was improperly

joined and, therefore, its respective citizenship should be disregarded for diversity jurisdiction purposes. *See* Dkt. No. 1.

For the reasons explained below, the Court should find that Defendant AVT was improperly joined and should be dismissed without prejudice, and that, with the dismissal of Defendant AVT, complete diversity of citizenship exists, and the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## Background

Through Plaintiff's Original Petition and Verified Application for Temporary Restraining Order and Injunction, the Nelsons sued Defendants Deutsche Bank, PHH, First Bank, and AVT in Texas state court. *See* Dkt. No. 1-3 at 1. In their Petition, the Nelsons seek injunctive relief to prevent foreclosure of the real property located at 1213 Sutters Way, Mesquite, TX 75181 (the "Property"). *See* Dkt. No. 1-3 at 8; Dkt. No. 1 at 2. Their sole cause of action is for equitable redemption and they seek actual damages and costs of court. *See* Dkt. No. 1-3 at 7; Dkt. No. 1 at 2. First Bank is the original lender, Deutsche Bank is the subsequent lender and current mortgagee, PHH is the mortgage loan servicer, and AVT is the substitute trustee appointed by the mortgagee. *See* Dkt. No. 1-3 at 5-6, 43.

According to the Nelsons,

Defendant(s) filed Notice of Substitute Trustee Sale for the Property, which stated that the property was to be auctioned off at a non-judicial foreclosure sale on Tuesday, August 6, 2024 with the sale to being 1:00pm or not later than three hours after that time. A true and correct copy of this notice is attached hereto as "Exhibit D".

23. On or about July 30, 2024, I entered into an agreement with Mentor Capital, LLC (hereinafter referred to as "the Seller") to

purchase the Property. A true and correct copy of the agreement is attached hereto as Exhibit "E".

24. Also, on or about July 30, 2024, Mentor Capital, LLC filed a Memorandum of Agreement for Purchase and Sale of the Property. A true and correct copy of the Memorandum is attached hereto as Exhibit "F".

25. Despite the agreement, PHH Mortgage Corporation, Mortgage Servicer, on behalf of Deutsche Bank Trust Company Americas, F/K/A Bankers Trust Company, As Trustee for Saxon Asset Securities Trust 2021-2, Mortgage Loan Asset Backed Certificates, Series 2001-2 (hereinafter referred to as "the Lender") has maintained their intent to proceed with the foreclosure sale of the Property to occur on Tuesday, August 6, 2024 on or about 1:00pm.

26. The Plaintiffs have made several efforts to resolve the default and have been in communication with the Lender regarding the imminent foreclosure. Nevertheless, the Lender has refused to halt the foreclosure sale despite the ongoing executed purchase and Plaintiffs' efforts to sell the Property, fully satisfy the debt, and recover the equity in the Property.

27. The scheduled foreclosure sale will cause immediate and irreparable harm to Plaintiffs as they will lose their home and the substantial equity in the Property. In addition, their credit will be damaged as a result of the foreclosure.

Dkt. No. 1-3 at 6.

The state court issued a temporary restraining order to stop the foreclosure sale. *See* Dkt. No. 1-5. Defendants PHH and Deutsche Bank filed their Answer [Dkt. No. 1-14] and allege that no Defendant has been formally served with process. *See* Dkt. No. 1 at 2.

PHH and Deutsche Bank timely removed the case to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. *See* Dkt. No. 1. They allege that Plaintiffs are citizens of Texas, Defendant Deutsche Bank is a citizen of California, Defendant PHH is a citizen of New Jersey, and Defendant First Bank is a citizen of Missouri. *See id.* at 3. While Defendant AVT's citizenship is not alleged, Plaintiffs' Petition

states that AVT is a resident of Texas. *See* Dkt. No. 1-3 at 4.

In their notice of removal, PHH and Deutsche Bank contend that co-defendant AVT is an improperly joined party and should be disregarded for diversity jurisdiction purposes. *See id.* at 3. They assert that "Plaintiff's Complaint is entirely void of specific facts or actions taken by [AVT] which would create a basis for any claims against it." *See id.* at 5. And, they assert, the extent of AVT's involvement with the mortgage loan at issue is as the substitute trustee appointed by the mortgagee in the notice of sale. *See id.*

The Court ordered Plaintiffs to file a brief by September 3, 2024 explaining whether Defendant AVT was improperly joined and, if so, should be dismissed without prejudice from this lawsuit and whether subject matter jurisdiction therefore exists based on the complete diversity between any remaining, properly joined parties. *See* Dkt. No. 5 at 3.

Plaintiffs failed to do so, and the time for filing jurisdictional briefing has passed.

## Legal Standards

I.    <u>Diversity jurisdiction and general removal standards</u>

For a federal court to have jurisdiction over a state action based on diversity, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a); *Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020), as revised (Dec. 30, 2020).

"Except as otherwise expressly provided by Act of Congress," a defendant

may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a).

And, "[w]hen a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' [28 U.S.C.] § 1441(b)." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

But "removal under [28 U.S.C.] § 1441(b)(2) is permissible only if complete diversity exists among all named parties: Each plaintiff must be diverse from each defendant, i.e., there must be what is known as complete diversity." *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (cleaned up). And "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Id.* (cleaned up).

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up). And, so, "[t]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

"As the party seeking removal, [a removing defendant] bear[s] the burden of proving both" complete diversity and that the amount in controversy satisfies the

-5-

jurisdictional minimum. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013); *see also Ascent Emergency Med. Ctr. LLC v. Zelis Claims Integrity, LLC*, No. 3:23-cv-2523-D, 2024 WL 2097708, at *2 (N.D. Tex. May 8, 2024) (explaining that a party moving for remand does not bear a "burden to prove that federal jurisdiction does *not* exist").

The burden of proving complete diversity requires that the removing defendant "asserting diversity jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020).

And a removing defendant can meet the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000" "in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (cleaned up). The defendant may meet its burden by this second route if it "sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up).

At the same time, the Court has an independent duty to ensure that there is subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). "A defect in the district court's subject matter jurisdiction... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf*

*Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987). "When a requirement goes to subject matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented. Subject matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (cleaned up).

And Congress has dictated that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c). But "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)." *Id.*

II.    <u>Improper joinder standards</u>

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). Under the improper joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant." *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." *Smallwood v. Ill. Cent. R.R. Co.*,

385 F.3d 568, 576 (5th Cir. 2004) (en banc). "In every case where a diverse defendant proves that the plaintiff's decision to join an in-state party is improper, the diverse defendant gains access to the federal courts. If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Id.* at 575.

A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Where there is no dispute or allegation of actual fraud concerning the fact that both plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, the plaintiff can establish a valid state-law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

Under this second prong of the improper-joinder test, the standard is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [a non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant." *Smallwood*, 385 F.3d at 573. "A mere theoretical possibility of recovery under local law will not preclude a

finding of improper joinder." *Id.* at 573 n.9 (cleaned up).

The Court conducts the "improper joinder analysis on the basis of claims in the state court complaint as it exists at the time of removal" and "will not entertain new theories not raised in state court." *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024) (cleaned up).

And the United States Court of Appeals for the Fifth Circuit has clarified that the federal pleading standard, not a state pleading standard, applies when determining whether a nondiverse defendant has been improperly joined. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016). The Federal Rule of Civil Procedure "12(b)(6)-type analysis ... is shorthand for the federal pleading standard itself ... promulgated by the Supreme Court in the *Bell v. Twombly* and *Ashcroft v. Iqbal* opinions." *Id.* at 203.

Under that standard, "[a] complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id.* at 200, 208 (cleaned up). And "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)

In making the improper-joinder determination, the Court will "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most

favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff" and "any ambiguities of state law in the plaintiff's favor," and "then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (cleaned up); *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) (cleaned up).

But the Fifth Circuit has further instructed that, when examining the viability of the claims alleged in state court, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. "The burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction." *Id.* at 575.

And, so, "[a] showing that the plaintiff's case is barred as to all defendants is not sufficient," and, "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." *Id.*; *see also id.* at 574 (explaining that, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder;

there is only a lawsuit lacking in merit" and that, "[i]n such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper" and, "[i]n such circumstance, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such").

But this "common defense" or "equally dispositive" exception to the improper joinder rule "is implicated only when the common defense asserted would be equally dispositive as to *all* of the defendants." *McDonal*, 408 F.3d at 184 (emphasis in original). That is, "[i]f, but only if, the showing which forecloses [a plaintiff's] claims against the non-diverse defendants necessarily and equally compels foreclosure of all their claims against all the diverse defendants, then [this 'common defense' exception] applies and there was no improper joinder, meaning that the entire case should be remanded for want of subject matter jurisdiction." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 391 (5th Cir. 2005) (cleaned up).

But, if the Court "concludes that the common defense proffered would not dispose of every claim against every defendant," and the Court otherwise finds improper joinder of the non-diverse defendant, the Court "should continue to deny remand and proceed with the proper disposition of the case." *McDonal*, 408 F.3d at 184 (cleaned up).

Ordinarily, the court must conduct a Rule 12(b)(6)-type analysis by examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). But, if the complaint has

"omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

At the same time, the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant" and that "any piercing of the pleadings should not entail substantial hearings." *Smallwood*, 385 F.3d at 573-74. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the [non-diverse] defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574.

Further, "[i]n this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Id.*

"In considering whether a nondiverse party was improperly joined under *Smallwood*, the court is only considering jurisdiction." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1049 (5th Cir. 2021) (cleaned up). "If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party." *Int'l Energy*, 818 F.3d at 209.

And, so, "[w]hen a district court "determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without

prejudice." *Ticer*, 20 F.4th at 1049 (cleaned up). And, if the removing "defendant fails to prove the [nondiverse defendant's] joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Smallwood*, 385 F.3d at 575.

## Analysis

### I.  AVT was Improperly Joined

To the extent that Plaintiffs allege that AVT was the substitute trustee for the foreclosure sale scheduled for August 6, 2024, Plaintiffs cannot state a plausible claim against AVT in that capacity.

Defendants Deutsche Bank and PHH contend that the Nelsons improperly joined AVT as a co-defendant in state court because the Nelsons' Petition [Dkt. No. 1-3] is "void of specific facts or actions taken by [AVT] which would create a basis for any claims against it." Dkt. No. 1 at 5.

They cite Texas Property Code § 51.007 and assert that "a substitute trustee can ask to be dismissed from a lawsuit if it reasonably believes that it was named as a defendant solely in its capacity as substitute trustee." *Id.* And, because the extent of AVT's involvement with the mortgage loan at issue is as the substitute trustee appointed by the mortgagee in the notice of sale, "Plaintiffs have not stated a claim against AVT Title that is plausible on its face." *See id.*

Section 51.007(a) provides that a trustee named in a suit may plead that they are not a necessary party by a verified denial stating the basis for their reasonable belief that they were named as a party solely in their capacity as a trustee. *See* TEX.

PROP. CODE § 51.007(a). The other parties to the suit may then file a verified response rebutting the trustee's verified denial within 30 days after the filing of the verified denial. *See id.* at § 51.007(b). But, if there is no timely verified response filed, the trustee shall be dismissed from the suit without prejudice. *See id.* at § 51.007(c) (emphasis added); *see also WAMCO XXVII, Ltd. v. Casa Grande Cotton Finance Co.*, 314 F. Supp. 2d 655 (N.D. Tex. 2004) (dismissing defendant without prejudice based on failure to file a verified response to verified answer).

Section 51.007(a) does not operate as an automatic bar to possible claims against a party but rather provides a procedure by which it may seek dismissal from the suit. *See Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 611 (N.D. Tex. 2009).

Here, it appears that Defendant AVT has yet to be served and, so, it has not filed a verified denial asserting that it has a reasonable belief that it had been named as a party solely in its capacity as substitute trustee.

But Section 51.007(f) protects trustees "for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." TEX. PROP. CODE § 51.007(f). Unlike the provisions of sections 51.007(a)-(e), which provide a procedural mechanism for dismissing claims against trustees where appropriate, *see Beard v. Aurora Loan Servs., LLC,* C.A. C–06–1142; 2006 WL 1350286, at *8 (S.D. Tex. May 17, 2006), Section 51.007(f) imposes a substantive pleading requirement.

To satisfy Section 51.007(f), a plaintiff must allege bad faith on the part of a substitute trustee named in the action. *See Cantor,* 641 F. Supp. 2d at 611. In cases in which the plaintiff did not allege bad faith on the part of the defendant, courts have held that substitute trustees were improperly joined for the purposes of establishing diversity jurisdiction. *See id.*

The Nelsons' underlying cause of action against Defendants is for equitable redemption. In their Petition, the Nelsons do not expressly identify AVT as the substitute trustee, but the "Notice of [Substitute] Trustee Sale" lists AVT as the substitute trustee appointed by the mortgagee. *See* Dkt. No. 1 at 5; Dkt. No. 1-3 at 43.

AVT certified that it filed the notice at the Dallas County Clerk's office and caused it to be posted. *See* Dkt. No. 1-3 at 43. Aside from including this document, Plaintiffs' Petition does not contain any specific factual allegations about AVT's actions or omissions as it relates to the scheduled foreclosure sale. Rather, the allegations seem to focus on PHH and Deutsche Bank. *See* Dkt. No. 1-3 at 6.

The executed Deed of Trust also includes a provision that states that "Trustee shall not be liable if acting upon any notice, request, consent, demand, statement, or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful." Dkt. No. 1-3 at 31-32.

The Nelsons' Petition alleges no specific acts or omissions by AVT – willful, in bad faith, or otherwise – and, so, the Nelsons fail to satisfy Section 51.007(f)'s

substantive pleading requirement.

The fact that the Nelsons seek injunctive relief against all defendants, including AVT, also does not preclude a finding of improper joinder.

Under Texas law, "a request for injunctive relief 'is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (cleaned up); *see also Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

To the extent that the Nelsons have any right to seek relief against AVT, it is only in its capacity as substitute trustee. And "[a] plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal." *Titan Aviation, LLC v. Key Equip. Fin., Inc.,* 2006 WL 3040923, at *2 (N.D. Tex. Oct. 26, 2006) (cleaned up).

If injunctive relief is ultimately granted in this case, it will be based on the actions of Deutsche Bank and/or PHH. The fact that it might also incidentally result in enjoining AVT as substitute trustee is not relevant for diversity jurisdiction purposes.

For the reasons explained above, there is no reasonable basis to predict that Plaintiffs might be able to recover in state court against AVT, and, so, AVT was improperly joined in its capacity as substitute trustee. *See Eisenberg v. Deutsche Bank Trust Co. Ams.*, 2011 WL 2636135, at *4 (W.D. Tex. July 5, 2011) ("[T]he

Court finds that the Substitute Trustees are nominal parties whose presence does not defeat diversity jurisdiction."). And the claim for damages against AVT presents no possibility for recovery under state law. *Accord Cook* 2010 WL 2772445, at \*4.

Because AVT was improperly joined, it should be dismissed without prejudice. And, so, AVT's citizenship should be disregarded when determining whether there is complete diversity and whether the case was removed with an in-state defendant.

II.    <u>Diversity Jurisdiction – The Amount in Controversy Requirement is Met</u>

To remove, Defendants must also show that the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a).

"In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 1973); *see also Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 640 (5th Cir. 2003) (noting that, in an action for injunctive relief, the amount in controversy is measured by the value of the object of the litigation).

Here, the "object" of the litigation is the Property.

In support of their notice of removal, Deutsche Bank and PHH rely on the Dallas County Appraisal District's valuation of the Property at $337,800, *see* Dkt No. 1-15, which is well above the $75,000 threshold jurisdictional requirement. *See* Dkt No. 1 at 6. The Court may rely on a property appraisal from the Dallas County

Appraisal District as proof of the property's value. *See Kingman Holdings, L.L.C. v. Everbank*, 5:14-CA-00126-OLG, 2014 WL 12588343, at *2 (W.D. Tex. Mar. 25, 2014) (collecting cases). Appraisal district records are public records under Federal Rule of Evidence 803(8) because they represent the findings of a government process to collect information about real property. *See Hearn v. Deutsch Bank Nat'l Trust Co.*, No. 3:13-cv-2417-B, 2013 WL6079460, at *4 (N.D. Tex. Nov. 18, 2013).

Defendants have met their burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

And, since both requirements for diversity jurisdiction have been met, the Court has subject matter jurisdiction under Section 1332.

To the extent that co-defendant First Bank has not consented to removal, a co-defendant who has not been served when the notice of removal is filed need not consent to it. *See Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988). And, as discussed above, Deutsche Bank and PHH allege that no Defendant had been formally served with process at the time of filing.

## Recommendation

The Court should determine that Defendant AVT was improperly joined and should be dismissed without prejudice and that, with the dismissal of Defendant AVT, complete diversity of citizenship exists and the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of

these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 30, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE