IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID L NELSON and SAVANNAH NELSON, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § § | No. 3:24-cv-2086-X-BN |
| FIRST BANK d/b/a First Bank Mortgage, DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset Backed Certificates, Series 2001-2 f/k/a Bankers Trust Company, AVT TITLE SERVICES, LLC, and PHH MORTGAGE CORPORATION, | § § § § § § § § § § § § | |
| Defendants. | § | |

## **ORDER**

This case has been referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

from United States District Judge Brantley Starr. *See* Dkt. No. 2.

Defendant PHH Mortgage Corporation ("PHH") and Defendant Deutsche Bank

Trust Company Americas, formerly known as Bankers Trust Company, as Trustee

for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset Backed Certificates,

Series 2001-2 ("Deutsche Bank") have filed a Motion for Summary Judgment. *See*

Dkt. No. 25.

For the reasons explained below, the Court should remand this lawsuit for lack

-1-

of subject matter jurisdiction. But if, within the 14-day objection period, PHH and Deutsche Bank provide evidence of the parties' citizenship, the Court should grant their motion for summary judgment [Dkt. No. 25] and dismiss the claims against them with prejudice.

## Background

Prior orders have documented the background of this case. *See* Dkt. No. 18. The information that follows is repeated here for reference and supplemented with information relevant to the issues now presented before the Court.

Through Plaintiffs' Original Petition and Verified Application for Temporary Restraining Order and Injunction, Plaintiffs David Nelson and Savannah Nelson (the "Nelsons") sued Defendants PHH, Deutsche Bank, AVT Title Services LLC ("AVT"), and First Bank, doing business as First Bank Mortgage ("First Bank") in Texas state court. *See* Dkt. No. 1-3 at 1. In their Petition, the Nelsons seek injunctive relief to prevent foreclosure of the real property located at 1213 Sutters Way, Mesquite, TX 75181 (the "Property"). *See id.* at 8; Dkt. No. 1 at 2. Their sole cause of action is for equitable redemption, and they seek actual damages and costs of court. *See* Dkt. No. 1-3 at 7; Dkt. No. 1 at 2. First Bank is the original lender, Deutsche Bank is the subsequent lender and current mortgagee, PHH is the mortgage loan servicer, and AVT is the substitute trustee appointed by the mortgagee. *See* Dkt. No. 1-3 at 5-6, 43.

According to the Nelsons,

Defendant(s) filed Notice of Substitute Trustee Sale for the Property,

which stated that the property was to be auctioned off at a non-judicial foreclosure sale on Tuesday, August 6, 2024 with the sale to being 1:00pm or not later than three hours after that time. A true and correct copy of this notice is attached hereto as "Exhibit D".

23. On or about July 30, 2024, I entered into an agreement with Mentor Capital, LLC (hereinafter referred to as "the Seller") to purchase the Property. A true and correct copy of the agreement is attached hereto as Exhibit "E".

24. Also, on or about July 30, 2024, Mentor Capital, LLC filed a Memorandum of Agreement for Purchase and Sale of the Property. A true and correct copy of the Memorandum is attached hereto as Exhibit "F".

25. Despite the agreement, [PHH], Mortgage Servicer, on behalf of [Deutsche Bank] (hereinafter referred to as "the Lender") has maintained their intent to proceed with the foreclosure sale of the Property to occur on Tuesday, August 6, 2024 on or about 1:00pm.

26. The Plaintiffs have made several efforts to resolve the default and have been in communication with the Lender regarding the imminent foreclosure. Nevertheless, the Lender has refused to halt the foreclosure sale despite the ongoing executed purchase and Plaintiffs' efforts to sell the Property, fully satisfy the debt, and recover the equity in the Property.

27. The scheduled foreclosure sale will cause immediate and irreparable harm to Plaintiffs as they will lose their home and the substantial equity in the Property. In addition, their credit will be damages as a result of the foreclosure.

Dkt. No. 1-3 at 6.

The state court issued a temporary restraining order to stop the foreclosure sale. *See* Dkt. No. 1-5. Defendants PHH and Deutsche Bank filed their Answer [Dkt. No. 1-14] and alleged that no Defendant has been formally served with process. *See* Dkt No. 1 at 2.

PHH and Deutsche Bank timely removed the case to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. *See id.* at 2-3. They allege that Plaintiffs are

citizens of Texas, Defendant Deutsche Bank is a citizen of California, Defendant PHH is a citizen of New Jersey, and Defendant First Bank is a citizen of Missouri. *See id.* at 3. While Defendant AVT's citizenship is not alleged, Plaintiffs' Petition states that AVT is a resident of Texas. *See* Dkt. No. 1-3 at 4.

In their notice of removal, PHH and Deutsche Bank contend that co-defendant AVT is an improperly joined party and should be disregarded for diversity jurisdiction purposes. *See* Dkt. No. 1 at 4. The Court dismissed AVT without prejudice and retained jurisdiction over this case under Section 1332. *See* Dkt. No. 19.

PHH and Deutsche Bank filed this Motion for Summary Judgment. *See* Dkt. No. 25. The Court set a briefing schedule for the motion, ordering the Nelsons to respond by June 2, 2025. The Nelsons did not file a response. And the motion is now ripe for disposition.

### Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). And "[a] factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140

F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v.*

*City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)); *Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353, 355 (5th Cir. 2019) (A court must "view the evidence and draw all justifiable inferences in favor of the nonmovant. Even so, barebones, conclusory, or otherwise-unsupported assertions won't cut it; the nonmovant 'must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.'" (footnotes omitted)).

So, "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and

supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor,* 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it

could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

But, if "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense," for example, that movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

Accordingly, the moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). That is, "[w]hen the party moving for summary judgment also bears the burden of proving the claim, he must establish that there is no genuine dispute of material fact as to every element of its claim, so that the evidence is so overwhelming that he is entitled to judgment in his favor." *Turner v. Criswell*, No. 4:19-cv-226-ALM-CAN, 2020 WL 1901086, at *3 (E.D. Tex. Jan. 6, 2020) (cleaned up), *rec, adopted*, 2020 WL 613963 (E.D. Tex. Feb. 10, 2020).

-9-

"If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Evanston Ins. Co. v. Lapolla Indus., Inc.*, 93 F. Supp. 3d 606, 611 (S.D. Tex.) (cleaned up; quoting *Meecorp Cap. Markets LLC v. Tex-Wave Indus. LP*, 265 F. App'x 155, 158 (5th Cir. 2008) (per curiam) (quoting *Little,* 37 F.3d at 1075).

And, on a plaintiff's motion seeking summary judgment in its favor on its own claims, the Court will "draw all reasonable inferences in favor of the non-moving party" – that is, in favor of the defendant. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

And, so, this "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007); *accord Wilson v. Dall. Indep. Sch. Dist.*, No. 3:18-cv-34-G-BN, 2020 WL 825819, at *7 (N.D. Tex. Jan. 17, 2020) ("[B]eyond peradventure" means "beyond doubt." (cleaned up)), *rec. adopted*, 2020 WL 821034 (N.D. Tex. Feb. 18, 2020).

But, on a plaintiff's motion on its own claim, "summary judgment is appropriate where the evidence would require a directed verdict." *Hernandez v. Trendy Collections, LLC*, No. 3:17-cv-2049-BN, 2018 WL 4103723, at *13 (N.D. Tex. Aug. 29, 2018) (cleaned up).

That is, a plaintiff may prevail on its claim on its own motion where, drawing all inferences in the defendant's favor and viewing the summary judgment in the light

-10-

most favorable to the defendant, the evidence is "so overwhelmingly in favor of [the plaintiff] that no reasonable jury could [arrive] at a verdict other than that [the plaintiff] proved" every essential element of its claim against the defendant. *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 550 (N.D. Tex. 2011), *aff'd*, 709 F.3d 515 (5th Cir. 2013).

## Analysis

### I.    The Court should remand for lack of subject-matter jurisdiction.

The Court must begin with its subject-matter jurisdiction – its "power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023); *see also Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

Defendants removed this lawsuit based solely on diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1 at 2-3.

The United States Court of Appeals for the Fifth Circuit recently explained that, in a diversity case under Section 1332,

-11-

- "[a]t the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each" party;

- "[a]t the summary judgment stage," the party invoking the federal court's jurisdiction "must provide evidence sufficient to support a jury finding of the citizenship of" each party; and,

- "at trial," the party invoking the federal court's jurisdiction "must prove the citizenship of each" party.

*Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (published order); *accord J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 323 (5th Cir. 2024) (published order); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 n.\* (5th Cir. 2019).

And, while Defendants' Notice of Removal alleges that (1) the Nelsons are citizens of Texas, (2) Deutsche Bank is a citizen of California, (3) PHH is a citizen of New Jersey, and (4) First Bank is a citizen of Missouri, *see* Dkt. No. 1 at 3, the record lacks evidence sufficient to support a jury finding as to each party's citizenship at the summary judgment stage.

So, considering the recent Fifth Circuit authority cited above, absent such evidence at this stage – to satisfy the Court that there is subject-matter jurisdiction to allow it to grant PHH and Deutsche Bank's motion – the Court cannot enter summary judgment but must remand this lawsuit for lack of subject-matter jurisdiction since the removal statute "declares that, where subject-matter

jurisdiction is lacking, the removed case *'shall* be remanded.'" *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original; quoting 28 U.S.C. § 1447(c)); *see also MidCap*, 929 F.3d at 315 n.* ("Citizenship issues, like every factual issue necessary to support subject matter jurisdiction, must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." (cleaned up)).

Still, the 14-day period to file objections to these findings, conclusions, and recommendation, as further explained below, allows PHH and Deutsche Bank an opportunity to submit evidence to establish that each plaintiff's citizenship is diverse from each defendant's citizenship and thus carry their burden to show, at this stage of the litigation, that the Court possesses subject-matter jurisdiction under 28 U.S.C. § 1332.

And, if PHH and Deutsche Bank provide such evidence, the Court should rule on the meris of the motion for summary judgment as explained below.

## II.   <u>If PHH and Deutsche Bank supply evidence of diverse citizenship, the Court cannot grant the motion based on the lack of response alone.</u>

When a non-moving party files a response to a motion for summary judgment and fails to include an argument about a claim, defense, or theory that the motion seeks to have the Court dismiss with prejudice, the Court may determine that the nonmoving party has abandoned the unaddressed claim, defense, or

theory. *See Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983); *accord Maynard v. PayPal, Inc.*, No. 3:18-cv-259-D, 2019 WL 3552432, at *3 (N.D. Tex. Aug. 5, 2019) ("A party may abandon its claim when it fails to pursue the claim beyond the complaint. *See, e.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Vela*, 276 F.3d at 678-79; *Hargrave*, 710 F.2d at 1163-64.").

In the published decisions in this line of Fifth Circuit cases supporting a district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion for summary judgment. *See Harris*, 27 F.4th at 1122-23; *Vela*, 276 F.3d at 678-79; *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999); *Vaughner v. Pulito*, 804 F.2d 873, 878 n.2 (5th Cir. 1986); *Batterton v. Tex. Gen. Land Off.*, 783 F.2d 1220, 1224-25 (5th Cir. 1986); *Hargrave*, 710 F.2d at 1163-64.

But, when a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).

As the Fifth Circuit has explained,

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757

F.2d 698, 709 (5th Cir.1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *accord Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (explaining that the district "court granted Appellee's motion for summary judgment on alternative grounds," including, "[f]irst, in accordance with the local rule, the court granted the motion as unopposed," and that "[w]e have previously disapproved of granting summary judgment on this basis" but that, "because the district court addressed the merits of the motion as an alternative holding, we need not reverse").

The rationale underlying these two lines of authority appears to be that the nonmovant must – at least by affirmatively filing a response – take some action to be considered to have abandoned a claim, theory, or defense. And, by dismissing claims under Federal Rule of Civil Procedure 56 based on only a nonmovant's lack of action at all (that is, not filing a response), a district court would be improperly dismissing with prejudice without the findings or factual support required under either Rule 56 or Federal Rule of Civil Procedure 41(b) for such a dismissal. *See Hibernia*, 776 F.2d at 1279; *John*, 757 F.2d at 707-10.

And, even if these two lines of authority cannot be reconciled with this bright-

line distinction, "[t]he rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("When faced with conflicting panel opinions, the earlier controls our decision." (cleaned up)). This suggests that the published decisions cited and relied on in *John*, 757 F.2d at 707-10, which appear to predate any decisions setting forth the abandonment doctrine, would – at least where a nonmovant has not filed any response to a motion for summary judgment – control.

Under these governing authorities, even if the Court does not remand for lack of subject-matter jurisdiction, the Court cannot grant PHH and Deutsche Bank's motion for summary judgment [Dkt. No. 25] solely because the Nelsons failed to file a response in opposition to the motion.

But, under Rule 56 and the governing law,

"[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,
> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is – entitled to it[.]

-16-

FED. R. CIV. P. 56(e)(2), (3).

*Boyd*, 2023 WL 4141052, at *1.

Here, the pleadings are not verified by the Nelsons, and, therefore, the Nelsons have presented no summary judgment evidence. And, for that reason, the Court is allowed to accept PHH and Deutsche Bank's facts as undisputed. *See Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012). Plaintiffs' counsel's attempt to verify the allegations in the state court Petition through his sworn declaration based on his "personal knowledge of all facts stated in the" Petition, Dkt. No. 103 at 13, does not convert the petition into competent summary judgment evidence. *Accord Tate v. Starks*, 444 F. App'x 720, 726-27 & n.4 (5th Cir. 2011) (Smith, J., dissenting) ("Although Tate's attorney, Sylvia Owen, had signed the complaint and declared that it was true and correct under penalty of perjury, a verified complaint signed only by an attorney who, like Owen, lacks personal knowledge of a matter, is not competent summary judgment evidence, but only hearsay. Accordingly, the magistrate judge properly ignored it and recommended summary judgment." (footnote omitted; collecting cases)). Relaying statements made by an attorney's clients amounts to relying on hearsay and does not meet Federal Rule of Civil Procedure 56(c)(4)'s personal knowledge requirement for competent affidavits or declarations to oppose summary judgment. *See Bellard v. Gautreaux*, 675 F.3d 454, 460-61 (5th Cir. 2012).

And, so, the Nelsons have presented no summary judgment evidence. And "a

court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (cleaned up); *accord Bustos v. Martini Club Inc.*, 599 F.3d 458, 468-69 (5th Cir. 2010) (although "a district court may not grant a motion for summary judgment merely because it is unopposed," "[t]he defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial," and the plaintiff "did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed" and so "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper" (cleaned up)); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-cv-517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020) ("As stated above, although the court is not permitted to enter a 'default' summary judgment, the court is allowed to accept the evidence adduced by plaintiffs as undisputed and may grant summary judgment if the motion and supporting materials show plaintiffs are entitled to it.").

### III.   If PHH and Deutsche Bank supply evidence of diverse citizenship, the Court should grant them summary judgment on the Nelsons' claims.

#### A.  Equitable Right of Redemption Claim

PHH and Deutsche Bank move for summary judgment on the Nelsons' "singular claim for enforcement of the equitable right of redemption." Dkt. No. 25 at 1. They contend that (1) the Nelsons "are not ready, willing, and able to redeem the

real property at issue" and (2) "PHH sent the required Notice of Default before posting the property for foreclosure." *Id.*

A right of redemption is a right to pay the full amount owed on a mortgage to redeem a property subject to foreclosure within a reasonable time of default. *See DBDFW 3 LLC v. JPMorgan Chase Bank, N.A.*, No. 3:18-cv-3148-C-BN, 2019 WL 823810, at *8 (N.D. Tex. Feb. 6, 2019) (citing *Holt v. Deutsche Bank Nat'l Trust Co.*, No. 4:16-cv-196-A, 2016 WL 1633254, at *2 (N.D. Tex. April 20, 2016)) (citing *Scott v. Dorothy B. Schneider Estate Tr.*, 783 S.W.2d 26, 28 (Tex. App. – Austin 1990, no writ)).

To establish an equitable right of redemption, a party must (1) have an equitable or legal right to the property; (2) prove that they are ready, able or willing to redeem the property in controversy by paying off the amount of valid and subsisting liens on the property; and (3) assert the equitable right of redemption prior to a foreclosure sale. *See Scott.*, 783 S.W.2d at 28.

Stating that the plaintiff is willing to satisfy the lien is insufficient to state a claim for equitable redemption. *See DBDFW*, 2019 WL 823810, at *8 (citing *Holt*, 2016 WL 1633254, at *2). The plaintiff must provide additional details such as the value of the lien, how it would pay, its own net worth or assets, or any other information from which the court could infer that plaintiff's right to relief is plausible. *See id.* (citing *330 Cedron Trust v. Citimortgage, Inc.*, No. SA-14-933-XR, 2015 WL 1566058, at *3 (W.D. Tex. April 8, 2015)). A tender of whatever amount is

due on the note is a "necessary prerequisite" to the recovery of title under an equitable redemption claim. *See id.* (citing *Fisher v. Wells Fargo Bank, N.A.*, No. 4:17-cv-283-O-BP, 2017 WL 3225491, at *2 (N.D. Tex. July 12, 2017) (quoting *Kingman Holdings, LLC v. BAC Home Loans Servicing, LP*, No. 4:10-cv-698, 2011 WL 1882269, at *4 (E.D. Tex. April 21, 2011))).

In support of their contention that they are ready, willing, and able to satisfy the debt, the Nelsons allege only that they have "enter[ed] into a purchase agreement with Mentor Capital, LLC, a bona fide purchaser/buyer of the property with the necessary funds to satisfy the debt owed." Dkt. No. 1-3 at 7. But they do not allege that they have tendered the amount due on the note. PHH and Deutsche Bank maintain, and have submitted evidence, that they did not receive the amount requested in the Notice of Default – $19,802.74 – by the January 6, 2023 deadline and that the loan remains in default. *See* Dkt. 25-1 at 3.

The Nelsons also allege that Defendants "f[a]iled to allow [them] an adequate opportunity and/or time to cure the default and fully satisfy the debt and avoid foreclosure of the property." Dkt. No. 1-3 at 9.

But PHH and Deutsche Bank have submitted evidence that PHH sent the Nelsons, via certified mail, a Notice of Default dated December 2, 2022. *See* Dkt. No. 25-1 at 13-14. The Notice states that the Nelsons had until January 6, 2023 to pay the total past due amount of $19,802.74. *See id.* at 15. The Notice of [Substitute] Trustee Sale, dated June 25, 2024, states that the foreclosure sale was scheduled for

August 6, 2024. *See* Dkt. No. 1-3 at 43.

The Nelsons have provided no evidence to dispute their receipt of the Notice of Default. And, so, PHH satisfied their obligation to notify the Nelsons of their default before initiating foreclosure proceedings. *See* TEX. PROP. CODE § 51.002(d) (mortgage servicer must give debtor "written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given").

And, so, since it is undisputed that the Nelsons have not tendered payment for the amount due under the Note and that PHH and Deutsche Bank provided adequate notice to Nelsons, the Court – if it does not remand for lack of subject-matter jurisdiction – should grant PHH and Deutsche Bank's motion for summary judgment.

## B. Request for Injunctive Relief

Under Texas law, a request for injunctive relief "'is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan. 21, 2013); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)); *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

The Nelsons' only substantive claim for relief against Defendants is based on the equitable right of redemption. *See* Dkt. No. 1-3 at 8. And because, as explained above, PHH and Deutsche bank are entitled to summary judgment on that claim, the Nelsons' requests for injunctive relief cannot survive if the Court does not remand for lack of subject-matter jurisdiction.

## Recommendation

For the reasons explained above, the Court should remand this lawsuit for lack of subject matter jurisdiction.

But if, within the time to file objections, Defendants PHH Mortgage Corporation and Deutsche Bank Trust Company Americas provide evidence to support their jurisdictional allegations, the Court should grant their Motion for Summary Judgment [Dkt. No. 25] and dismiss Plaintiffs David Nelson and Savannah Nelson's equitable right of redemption claim with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 20, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE